Wilson, J.
This was an action in debt to recover on account. It was commenced before a justice of the peace, and hence there are no written pleadings. It appears that George F. Harbaugh, in March, 1895, being about to commence running a hotel or boarding house in Colorado Springs, applied for credit to the appellees — plaintiffs in this suit — who were grocery merchants in that city, stating the fact' of his intended business, and that the defendant Doyle would be responsible for the supplies purchased by him. Plaintiffs thereupon wrote to Mr. Doyle, stating what Harbaugh had informed them, and from him received the following reply:
“ Victor, Colo., March 11th, 1895.
“ W. S. Nichols & Co.,
“ Colo. Springs, Colo.,
“ Yours of March 8th, inquiring about Geo. F. Harbaugh is correct, and in reply would say, to give him supplies for 80 days and render bill at end of month.
“ Yours truly,
“ James Doyle.”
*459 In pursuance of this order, Harbaugh was from time to time furnished with supplies, upon the account for which he made a number of payments. About the latter part of May, there was owing by Harbaugh a balance on account of about $216. A statement of this was rendered by plaintiffs to Doyle, and thereupon he paid it. Thereafter, Harbaugh, seeking further credit, was informed that the order of Mr. Doyle had expired, and that they could not extend credit to him any further. Thereupon, he procured from Doyle, and furnished to plaintiffs, the following order:
“ Colorado Springs, May 25th, 1895.
“ W. S. Nichols & Co.
“ Kindly furnish Mr. Geo. F. Harbaugh with groceries, and oblige,
“ James Doyle.
“ You can phone or write me at the Portland mine.”
Thereafter, and in pursuance of this order, plaintiffs continued to supply Harbaugh with groceries, on account of which Harbaugh made numerous payments until the latter part of August following, when, being notified by a brother of Mr. Doyle that he would be no longer responsible, the plaintiffs closed the account and notified Mr. Doyle by letter, sending him a statement of the balance then due. This suit is brought to recover that balance, amounting to nearly $300. Judgment both in the justice court and in the county court was for plaintiffs. From the latter, defendant appeals.
All of the assignments of error are substantially embraced in the one single statement, that the judgment was contrary to the law and the evidence. The case hinged entirely upon questions of fact, and under the well settled rules, this court is bound by the judgment of the trial court, because the evidence was conflicting, but there was amply sufficient to sustain it. Mr. Doyle disputed some of the statements of plaintiffs in regard to notices which they were said to have given to him, but this, as we view it, was immaterial; and, in any event, the trial court was the best judge of the weight of the testimony under all the attendant circumstances.
*460 There is some argument in the briefs of counsel as to whether the defendant, if liable at all, was liable on the original undertaking as a principal debtor, or upon a collateral undertaking as guarantor. The trial court made no special findings, and we are therefore not advised as to what its views were upon this question. We regard it as immaterial, however. Even if liable only as a guarantor, under the evidence in this case, it would seem quite clear that the guaranty was intended, received and acted upon as a continuing one. This being true, the liability of the guarantor would continue until notice of some kind was given by him to the plaintiffs that he would be no longer liable. There were no restrictions or limitations upon the last order. It was given to enable Harbaugh to conduct a hotel or boarding house. It is obvious that such a house could not be run without the procuring of grocery supplies daily almost, and this circumstance the court was entitled to take into consideration in determining the construction of the order, guaranty or undertaking, whatever it may be called. The case of Patterson v. Gage, 11 Colo. 51, to which we are referred by counsel, is not in point. The order or guaranty in that case was in the following words :
“ Denver, Colo., September 27th, 1882.
“ David Gage, Esq.,
“ Dear Sir: I will be responsible for the hotel bill of J. W. Hamm, Esq., and will see it paid within twenty days.
“ T. M. Patterson.”
The court held that the words “ within twenty days ” controlled, and made it clear that by the terms of the instrument the undertaking of the guarantor was not a continuing one, but was only to the extent that he would see the hotel bill, then owing by Hamm at the date of the guaranty, paid. There are no such words in the guaranty under consideration, in fact, no words of restriction or limitation, or showing any intent that the guaranty should be other than a continuing one.
We see no error, and the judgment will therefore be affirmed.

Affirmed.